# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ERNEST W. L. THOMPSON                                                                                          PLAINTIFF
ADC #500242

v.                                          5:11CV00327-KGB-JJV

MELVIN NANCE                                                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

While an inmate of the Arkansas Department of Corrections (ADC), Plaintiff Ernest Thompson filed a *pro se* Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983. He alleges that the Defendant, Dr. Nance, violated his Eighth Amendment constitutional rights by prescribing pain medicine which was less effective than what Plaintiff had previously received.

Defendant filed a Motion for Summary Judgment (Doc. Nos. 72-74) asserting he is entitled to summary judgment based on Plaintiff's failure to establish that he acted with deliberate indifference toward a serious medical need. Plaintiff filed a Response (Doc. No. 77) to the Motion on January 8, 2014. After careful review, the Court finds that Defendant is entitled to summary judgment.

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   UNDISPUTED FACTS

In April 2009 Plaintiff entered the ADC and was under the care of Dr. Antosh at the Diagnostic Unit (Doc. No. 74 at 5).  Owing to a serious automobile accident in 2006, Plaintiff was periodically examined by Dr. Antosh who prescribed various medications to treat Plaintiff's pain (*Id.* at 4-13).  Plaintiff was under Dr. Antosh's care from April 23, 2009, until June 11, 2009. (*Id.*)

On June 12, 2009, Plaintiff was transferred to the Grimes Unit where Dr. Nance altered the pain medication which Dr. Antosh had prescribed (*Id.* at 13-14). On June 15, 2009, Plaintiff complained of pain and submitted a Health Services Request Form which asked to see a physician for reevaluation of his pain prescriptions (*Id.* at 22).  Dr. Nance reevaluated Plaintiff and confirmed his previous findings after a physical examination (*Id*. at 23).  Plaintiff now alleges that Dr. Nance acted with deliberate indifference in altering his prescription and, in so doing, violated his constitutional rights (*Id.* at 1-2).

IV.   ANALYSIS

    A.   **Deliberate Indifference to Serious Medical Need**

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

    The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

    To establish a claim of deliberate indifference to serious medical needs under § 1983, an inmate must demonstrate that he suffered from an objectively serious medical need and that the

defendants actually knew of but deliberately disregarded the need. *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Cameros v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

Defendant argues that nothing in Plaintiff's allegations suffice to establish the sort of unnecessary or wanton infliction of pain which the Eighth Amendment proscribes. Lacking a basis for deliberate indifference, Defendant argues that what remains is a disagreement over the course of treatment. The Court agrees. The crux of the Plaintiff's allegations are that the medications which Dr. Nance prescribed were less effective in mitigating his pain than his previous prescription (Doc. No. 2 at 6). The Plaintiff, however, has no constitutional right to receive a particular or requested course of treatment, and correctional facility doctors remain free to exercise their independent medical judgment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Even if the previous treatment by Dr. Antosh were to be found medically superior in every respect, it would, at best, establish only that the Defendant may have been negligent in the exercise of his medical judgment. A claim of negligence is insufficient to allege a violation of Eighth Amendment rights pursuant to 42 U.S.C. § 1983.

Moreover, Plaintiff has offered no plausible evidence which would contradict Dr. Nance's statements in his affidavit which attest to the use of his best medical judgment in altering the Plaintiff's prescription. To reiterate, it is not enough that the Defendant may have been wrong in his judgment or, as Plaintiff alleges, that he may have overlooked the extent of Plaintiff's prior injuries (Doc. No. 77 at ¶ 8). While such errors (if proven) may demonstrate negligence, they do not establish deliberate indifference.

### B. Retaliation

The Court notes that Plaintiff's Response alleges that after he filed a medical grievance, the Defendant 'retaliated' against him by refusing to see him (Doc. No. 77 at 9). This allegation also appears in the Plaintiff's initial Complaint (Doc No. 2 at 7-8). The United States Court of Appeals for the Eighth Circuit has held that an inmate claiming retaliation is faced with the substantial burden of proving that the actual motivating factor for the adverse action was as alleged. *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996). Moreover, this Circuit has also held that allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 9 F.3d 1127, 1129 (8th Cir. 1996). Nothing in either the Plaintiff's Complaint or Response serves to push his allegations of retaliation beyond the speculatory. The bare claim of retaliation, unsupported by any evidence whatsoever, fails.

### V. CONCLUSION

After viewing the evidence in a light most favorable to the Plaintiff, the Court finds there are no genuine issues for trial and the Defendant is entitled to summary judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 72) be GRANTED.

2. This cause of action be DISMISSED with prejudice.

3. The Court should certify that, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 3rd day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE